IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYLER L. MILTON,

                          Plaintiff,

     v.                                          ORDER

HINTON, MAYFIELD, KLANG,                     24-cv-607-jdp
and SUKOWATY,

                         Defendants.

---

Plaintiff Tyler L. Milton, proceeding without counsel, is incarcerated at Columbia Correctional Institution. Milton alleges that prison staff failed to prevent him from harming himself and then delayed in arranging for emergency medical treatment after he harmed himself. I granted Milton leave to proceed on claims under the Eighth Amendment and under Wisconsin medical negligence law, Dkt. 9, but I later dismissed Milton's federal- and state-law medical care claims for his failure to exhaust his administrative remedies for those claims, Dkt. 34. Milton moves for reconsideration of that decision. Dkt. 39. I will deny Milton's motion.

ANALYSIS

I evaluate Milton's motion for reconsideration under Federal Rule of Civil Procedure 54(b), which provides that any order adjudicating fewer than all the claims may be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. I must consider such a motion under a standard similar to that for a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e): I may grant such a motion only to correct a manifest error of law or fact or to present newly discovered evidence.

*Woods v. Resnick*, 725 F. Supp. 2d 809, 828 (W.D. Wis. 2010); *Hellige v. Wal-Mart, Inc.*, No. 20-CV-455, 2020 WL 6149817, at *2 (S.D. Ill. Oct. 20, 2020) ("The standards applied under both Rule 59(e) and Rule 54(b) are virtually identical.").

I granted defendants' exhaustion-based summary judgment motion on Milton's medical care claims because he filed a grievance about his medical care past his 14-day deadline and didn't otherwise make a showing of good cause for the delay as required under Wisconsin grievance regulations. More specifically, although I excused a large portion of the delay because Milton was barred from filing grievances while in observation status, he didn't explain two other segments of the delay: (1) a three-day delay after his release from observation status before he made his required attempt to resolve his complaint informally; and (2) a three-day delay in filing his grievance after he got a response to his informal request. Dkt. 34, at 5.

In his motion for reconsideration, Milton states that he forgot to include evidence that would explain part of this delay: he says that the prison didn't have a "forms and supplies" day until two days after he was released from observation status, so he didn't obtain a health request form until then, and he filed his informal request to health staff the day after.

This argument fails for a number of reasons. As defendants point out, a motion for reconsideration is not the place to make arguments or submit evidence that a party forgot to include in their original briefing. *RCBA Nutraceuticals, LLC v. ProAmpac Holdings, Inc.*, 108 F.4th 997, 1005 (7th Cir. 2024), *reh'g denied*, No. 23-3171, 2024 WL 3970734 (7th Cir. Aug. 28, 2024). But even if I were to grant Milton some leeway because he is unrepresented, he fails to explain why he didn't present this information to the complaint examiner when seeking a "good cause" exemption to his grievance deadline. And even had Milton taken this step, nothing about his lack of forms immediately following his release from observation status excuses the

2

second portion of delay discussed in my opinion: his delay in filing his grievance once he got a response to his request for informal resolution. Therefore, Milton hasn't shown that I erred in granting summary judgment to defendants. I will deny his motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff Tyler L. Milton's motion for reconsideration, Dkt. 39, is DENIED.

Entered March 30, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge