IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYLER L. MILTON,

Plaintiff,

v.

SHANE HINTON,

Defendant.

ORDER

24-cv-607-jdp

---

Plaintiff Tyler L. Milton, proceeding without counsel, alleges that defendant Shane Hinton failed to stop him from harming himself by ingesting pieces of his metal eyeglasses frame. Milton brings a claim under the Eighth Amendment to the United States Constitution. The case is scheduled for trial on July 6, 2026, with a pretrial conference to be held by video on June 30, 2026. This order addresses Hinton's motions in limine and objections to Milton's witness and exhibit lists (Milton hasn't filed his own motions in limine or responded to Hinton's). Hinton's counsel is directed to ensure that Columbia Correctional Institution staff print a copy of this order for Milton's immediate review.

The court will follow with an order attaching draft voir dire, jury instructions, and verdict form.

ANALYSIS

A. Defendant Hinton's motions in limine (Dkt. 73)

1. To allow evidence of Milton's previous lawsuits or insincere threats

Hinton states that he'll testify that he didn't believe that Milton's threats of self-harm were genuine because he was known to "use[] threats of self-harm to manipulate staff, create

work, and to engineer lawsuits." *Id.* at 3. So Hinton wants to be allowed to cross-examine Milton on "the name, number, and claims of previous lawsuits he has filed" and testify himself about previous times that Milton insincerely threatened self-harm.

Evidence that Milton has committed other wrongful acts is inadmissible if offered solely to prove his propensity for wrongdoing. Federal Rule of Evidence 404(b)(1). This evidence can be admissible for other purposes, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b)(2). But it's not enough that the other-acts evidence serves a permitted purpose. The other-acts evidence must be connected to that purpose though a propensity-free chain of reasoning. *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014). Hinton appears to want to use this evidence to show that Milton's propensity for insincerely threatening self-harm led him to believe that Milton was being insincere on the date in question. That may violate *Gomez's* rule and Hinton doesn't cite any authority allowing this type of evidence.

An additional problem is that Hinton seeks to introduce this evidence in part by discussing the name, number, and claims in Milton's previous lawsuits. But that evidence—on its face—doesn't actually prove that Milton insincerely threatened self-harm. Nor is it clear how Hinton would have been aware of those lawsuits or the results of them during the events of this lawsuit. Hinton's briefing on the matter doesn't persuade me to grant the motion, but I'll allow him to discuss the issue further at the final pretrial conference.

### 2. To exclude evidence of causation or future harm

Hinton seeks to exclude evidence regarding causation of injury, permanence, future care and treatment, or future pain and suffering. I agree with Hinton that Milton himself does not have the knowledge or expertise to analyze medical records or to testify about whether Hinton's

actions or inactions caused him specific injuries that will affect him in the future. So the motion is granted for the most part. But Milton may describe his own understanding of his health and his personal experiences during and after the events in question, and he can describe any physical or mental symptoms he experienced. He may also cross-examine Hinton's witnesses, if any, who testify about the cause of his pain or his future care.

**3. To exclude evidence of details of other inmates' lawsuits against DOC officials**

Hinton seeks to exclude any reference to the details of other inmate lawsuits filed against the DOC. Hinton states that this motion is consistent with his first motion to allow information about Milton's previous lawsuits. Maybe so. I am inclined to grant this motion, but I'll give Milton a chance to address it at the final pretrial conference.

**4. To exclude details of other legal proceedings, personnel file, work history, and inmate grievances unrelated to this case**

Hinton seeks to exclude details of other legal proceedings, personnel files, work history, and inmate grievances unrelated to this case regarding himself or his witnesses. As with the previous motion in limine, although I'm inclined to grant this motion I'll give Milton a chance to address it at the final pretrial conference.

**5. To allow cross-examination of Milton and his witnesses about criminal convictions**

Hinton intends to impeach Milton with his previous felony convictions pursuant to Fed. R. Evid. 609 and to do the same with Milton's witnesses. Milton doesn't intend to call any non-DOC witnesses so I'll limit the discussion to Milton himself. Hinton seeks to elicit the title, date, and disposition of his felony-level offenses. Hinton doesn't explain what those offenses are. This court's long practice has been to exclude the details of prior non-dishonesty

convictions in prisoner civil rights cases because the details impugn the witness's general character, making him seem dangerous, unlawful, or unsavory to the jury. *Wynn v. Adams*, No. 23-cv-364-jdp, 2024 WL 4589485, at *1. I will allow Hinton to ask Milton whether he has been convicted of felonies and how many times, keeping in mind Rule 609's time limits regarding this type of evidence. At the final pretrial conference, Hinton must explain which of Milton's convictions qualify under Rule 609.

### 6. To exclude reference of who pays for a judgment

Hinton seeks to exclude evidence or argument concerning his indemnification by the state. I will grant that motion.

### 7. To exclude references to summary judgment opinion or other claims dismissed at summary judgment

Hinton seeks to exclude reference to my commentary on evidence in my summary judgment opinion and to exclude references to Milton's other claims, and in particular references to the medical care that he received following the incident.

Hinton is correct that my summary judgment discussion is not evidence so I will grant that part of the motion. Milton may also not refer to the existence of his previously dismissed claims, nor may he refer to facts regarding those claims that are irrelevant to his claim against Hinton. I'm not convinced that all potential discussion of his medical care would be irrelevant to his claim against Hinton because the treatment that he received following his attempt at self-harm may be relevant to proving damages. So Milton may present evidence about the treated he received. But whether particular staff adequately treated his medical needs is not relevant, so Milton may not present evidence or argument aimed at showing that his medical needs were improperly treated.

**B.  Objections to Milton's exhibits (Dkt. 78)**

Hinton objects to Milton's exhibit list, Dkt. 69 at 4, because it doesn't comply with the instructions in my trial preparation order, Dkt. 68. Milton didn't use the court's exhibit form, he doesn't identify the docket number for previously filed exhibits, and he otherwise doesn't include the exhibits themselves. I'll overlook Milton's failure to use the court's form, and Hinton makes clear that he was able to locate certain of the exhibits in the record, so missing citations to the docket aren't prejudicial.

That leaves Hinton's specific objections. Hinton objects to 36 pages of psychological records regarding the day of the incident and couple of weeks following. Hinton is correct that discussion of Milton's mental health *after* the incident is irrelevant to the question whether Hinton consciously disregarded a risk to Milton. And any notes regarding maladies unrelated to the incident at issue here are also irrelevant. I will exclude that irrelevant evidence. But notes regarding the emotional distress that Milton suffered after the incident could be relevant to damages. So I will not exclude these records in their entirety.

Hinton also objects to Milton's listing of "[a]ll DOC-112 'observation of inmate' logs" and "all prison medical records" from between March 7 (the date of the incident) and March 25, 2024, and "[a]ll Aspirus Health Divine Savior Hospital documents" from March 7 and 8, 2024. Milton doesn't provide any citation to these documents, and his own previously submitted exhibits (Dkt. 60-2 for the DOC-112 forms, Dkt. 60-3 for prison medical records, and Dkts. 60-4 and 60-5 for hospital records) don't seem to encompass the entire timeframe that Milton states in his exhibit list. For now I'll assume that these are the exhibits that Milton seeks to include. If Milton has more material that he seeks to introduce, I'll give him a short time to submit those materials to the court. I'll reserve a ruling on these sets of documents,

other than to note that much in these documents does seem relevant to explaining the events of the day of the incident and the injuries that he sustained. However, this case is not about whether Milton received adequate medical care so I will not allow him to introduce evidence in an attempt to show that he received substandard care.

## C.  Objections to Milton's witnesses (Dkt. 78)

Milton seeks to call the following witnesses: (1) defendant Hinton; correctional officers (2) Jesseca Mayfield and (3) Rodney Klang; (4) Dr. Laura Sukowaty; (5) Nurse Erin Anderson; (6) prison therapist Chastity Drake; and prison psychologists (7) Natasha Jones; (8) Marcelo Trinidad; and (9) Kelsey Stange. Dkt. 69, at 1–3.

Hinton and Klang are already on Hinton's "will call" list. Hinton doesn't object to Milton calling Mayfield or Anderson, who are already on Hinton's "may call" list. I will ask that as a courtesy, Hinton bring Mayfield and Anderson to trial.

Hinton objects to Milton calling Dr. Sukowaty and mental-health professionals Drake, Jones, Trinidad, and Stange, noting that Milton doesn't explain what these witnesses will testify to, and arguing that his mental health treatment is irrelevant to his claims.

As I've already discussed regarding Hinton's motions in limine and Milton's evidence, I don't agree that all medical or mental health treatment records or testimony are irrelevant. If any of these witnesses have agreed to testify voluntary, I won't exclude them without hearing from the parties at the final pretrial conference.

But if any of these witnesses haven't agreed to testify voluntarily, Milton has failed to ask to subpoena any of them under the procedures discussed in the attachments to this court's preliminary pretrial conference order. *See* attachments to Dkt. 15, at 33–36. Under those procedures, Milton was required to submit an affidavit stating that the witnesses have not

agreed to testify voluntarily, and that he is prepared to tender to the United States Marshal or other individual serving the subpoena a check or money order made payable to the witness covering the required witness fees.[1] If Milton does seek to subpoena any of these witnesses, he must follow the court's procedures immediately along with filing a motion for issuance of subpoenas. The longer Milton waits, the less likely the Marshal will have time to serve the subpoenas.

ORDER

IT IS ORDERED that:

1. The court rules on defendant's motions in limine, Dkt. 73, as follows:

    a. A ruling on defendant's motion to allow other-acts evidence is RESERVED.

    b. Defendant's motion to exclude evidence of evidence of causation or future harm is GRANTED in part.

    c. A ruling on defendant's motion to exclude reference to other inmates' lawsuits is RESERVED.

    d. A ruling on defendant's motion to exclude reference to other legal proceedings, personnel files, work history, and inmate grievances is RESERVED.

    e. Defendant's motion to cross-examine Milton and witnesses regarding convictions is GRANTED in part.

    f. Defendant's motion to exclude reference to who pays for a judgment is GRANTED.

---

[1] For Milton's reference, the witness rate is $40 per day for each witness. If the witnesses are traveling to Madison, then Milton must also be able to pay mileage at the rate of $0.725 per mile. (Milton may be able to avoid paying mileage if he makes arrangements for the witnesses to testify by videoconference.) The court cannot waive these fees for an unrepresented litigant. *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987).

      g.  Defendant's motion to exclude reference to Milton's other claims and the court's summary judgment opinion is GRANTED in part.

2.    The court rules on defendant's objections to plaintiff's exhibit list, Dkt. 78, as follows:

      a.  Defendant's general objections to form are OVERRULED.

      b.  Defendant's objection to plaintiff's psychological records is SUSTAINED in part.

      c.  A ruling on defendant's objections to plaintiff's remaining exhibits is RESERVED.

3.    Milton may have until June 25, 2026, to submit any additional documents that appear on his exhibit list.

4.    A ruling on defendant's objections to plaintiff's proposed witnesses, Dkt. 78, is RESERVED.

5.    Defendant's counsel is directed to ensure that CCI staff print a copy of this order for plaintiff's immediate review.

Entered June 18, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

8